UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 01-10196-NG |
| ) | |
| PAUL JAMES HANSEN ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE NEW TRIAL

**I.    FACTS:**

Defendant was convicted in a four count indictment by a jury on May 31, 2002 of Aiding and Abetting in a Hobbs Act Robbery and Aiding and Abetting in a Hobbs Act Robbery where a firearm was used and a homicide occurred as well as making a false statement before a Grand Jury.

During the trial, the facts of the robbery and killing were largely uncontested and indeed most of the underlying evidence was stipulated to by the parties.

The issues which were in dispute were the defendant's involvement, if any, in the stealing of the automobile, a white mini van, which was used in the robbery; his knowledge, if any, of the intended use of the mini van; and

DOCKETED 52

his subsequent testimony before the Federal Grand Jury on November 20, 1996 regarding his role in or knowledge of the robbery of the armored car on July 31, 1996 and the killing of the guard, Edward Kuberik.

On the contested issues, the Government offered evidence from two sources; the testimony of one, Brendan Brennan, who had been convicted of similar charges in April of 1997 and was testifying pursuant to an agreement with the Government for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

In addition, the government offered a composite audio tape which was recorded in October of 2000 at Concord Prison containing a conversation between the defendant Paul Hansen and one Stephen Brennan, the father of the aforementioned Brendan Brennan, whose cooperation was also secured by the Government in exchange for consideration in a pending bank robbery case, help for his son's Rule 35(b) motion and other considerations.

Though Stephen Brennan's name appeared on the Government's witness list, the Government did not call him to the stand but rather offered the tape and had F.B.I. agent Laurence Travaglia read the transcript to the jurors.

Defendant objected to this procedure as being hearsay as to those portions of the tape containing Stephen Brennan's statements.

## III. ISSUES:

A. Was the jury provided with inadmissible hearsay testimony over the objection of the defendant.

B. Was the defendant seriously prejudiced by the admission of hearsay statements.

## III. DISCUSSION:

A. Hearsay is the out of court statement by someone other than the declarant being offered for the truth contained therein.

The hearsay rule provides that "no assertion offered as testimony can be received unless it is, or has been open to test by cross-examination or an opportunity for cross-examination."[1]

Though the person who made the statements, and whose voice was present on the audio tape was available at the time of trial and whose testimony would have constituted the best evidence of the conversation, the Government chose to introduce the tape through the person of the case agent who had arranged for the tape to be made, thereby preventing the defendant from having an opportunity to cross-examine the witness.

---

[1] Black's Law Dictionary. Seventh Edition 1999

It was suggested by the court that the defendant could call the party (Stephen Brennan) if he desired, thus shifting the burden to the defendant if he wished to cross-examine Stephen Brennan.

It is black letter law, that in a criminal case the defendant is presumed innocent and bears no burden, and to require him to call a witness, and run the risk of being identified before the jury with said witness is a shifting of a burden.

The Government, by offering the tape through an agent rather than calling Stephen Brennan, left the defense in the position of not being able to bring out in front of the jury the criminal history or convictions of Stephen Brennan, any promises, rewards or inducements that had been given to him, any biases he may have had, and more importantly deprived the jury of the opportunity to evaluate his credibility in the usual manner by observing his demeanor on the stand.

    B.    Was the defendant prejudiced by the admittance of the audio tape by the Government?

The only evidence offered by the Government that in any way linked the defendant to the robbery which was committed was the testimony of Brendan Brennan and the aforementioned audio tape.

The tape contained what could be and apparently were, considered as admissions by the defendant. It also was used as corroboration for the testimony of Brendan Brennan.

With regards to Count IV of the Indictment, making False Statements to a Grand Jury, it was in fact the most damaging evidence in that it contained admissions which were contrary to the defendant's testimony before the Grand Jury.

Federal Rules of Evidence 801 defines hearsay and its definitions, which already apply to the instant manner, the declarant Agent Travaglia is speaking the words of another, Stephen Brennan, which are being offered to prove the truth therein, to wit: that the defendant committed the acts charged and thereby made a false statement to the Grand Jury when he denied same.

In order for the defendant to have the opportunity to cross-examine Stephen Brennan, the defendant would have the burden of calling him and the defendant should never have the burde of calling any witness or offering any evidence to overcome the presumption of innocence.

## IV. **CONCLUSION:**

For the reasons herein stated and in the interests of justice, the defendant's conviction should be overturned and a Judgment of Acquittal be

5

entered on his behalf or in the Alternative a new trial should be granted on all counts of the Indictment.

Respectfully Submitted  
Paul J. Hansen, Defendant  
By his attorney,

Charles A. Clifford  
BBO No. 086700  
305 Main Street  
Charlestown, MA 02129  
617-241-7440

DATED: 6/6/02

## Certificate of Service

I, Charles A. Clifford, attorney for the defendant, hereby certify that on June 7, 2002, I hand delivered a copy of the within Defendant's Memorandum in Support of Judgment of Acquittal or in the Alternative New Trial to John T. McNeil, Assistant U.S. Attorney.

Charles A Clifford